Gerry GARDNER, Plaintiff in Error,

v.

OKLAHOMA CITY, Defendant in Error.

No. A–14355.

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1968.

Gerry Gardner entered a plea of guilty to the crime of Engaging in an Act of Lewdness, and appeals. Reversed with Instructions.

Mac Oyler, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Jerry R. Fent, Asst. Mun. Counselor, for defendant in error.

NIX, Presiding Judge:

Plaintiff in error, Gerry Gardner, hereinafter referred to as the defendant, was charged in the Municipal Criminal Court of the City of Oklahoma City with the offense of Engaging in an Act of Lewdness. She entered a plea of guilty, and was sentenced by the Judge to pay a fine of $50.00 and 90 days in jail, with 75 days suspended for good behavior.

According to the record, and the brief of plaintiff in error, a pretrial conference was held in the Judge's chamber prior to the entering of the plea of guilty with two of the City Attorneys—Todd Markum and Joe Fowler—, in the presence of Judge Lambert. At which time the City Attorneys agreed to recommend a fine of $50.00 and 10 days' jail time upon a plea of guilty, which was acquiesced in by the Court. Upon a review of the testimony and the record herein presented, we find the following remarks of Judge Lambert at page 34:

"THE COURT: All right. I'm going to impose a $50.00 fine. I'm going to give you fifteen days in the City Jail—no, I'm going to give you Ninety days in the City Jail, seventy-five days suspended.

Now, what it amounts to is fifteen days to do.

If you are picked up in Oklahoma City again for this offense or as a common prostitute and you stand before me convicted or enter a plea of guilty to such a charge, I will suspend the seventy-five days.

$50.00, fifteen days to do, seventy-five days suspended."

Defense counsel immediately made an application to the Court to withdraw the plea of guilty, and enter a plea of not guilty, which was denied.

The granting or denying of permission to withdraw a plea of guilty either before or after judgment and substitute a plea of not guilty is a matter within the sound discretion of the trial court, however, where it appears that such plea may have been entered as a result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation, and it is apparent that application to withdraw plea is made in good faith and not for the purpose of delay or to defeat the ends of justice, denial of application to withdraw plea of guilty will constitute abuse of discretion. See, Manning v. State, Okl.Cr., 374 P.2d 796.

In the instant case, the defendant and her counsel were led to believe by the pre-trial conference with the city attorneys and the Judge that she would receive a lighter sentence if she would enter a plea of guilty. If the Judge did not agree with the conversation at the pre-trial conference, this should have been made abundantly clear to the defendant and to defense counsel; and they should have been so informed prior to the entering of the plea of guilty.

This Court held further in the Manning case, supra:

"The Court of Criminal Appeals has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or

after judgment, where any reasonable ground is offered in support of his motion."

"Where it reasonably appears a plea of guilty was influenced by persons in apparent authority which has led a defendant to believe that by entering such a plea, his punishment would be mitigated; he should be permitted to withdraw his plea of guilty and enter a plea of not guilty."

It is readily apparent from the record, *and the testimony of the City Attorney*, that defendant and her counsel were misled as to what the punishment would be on a plea of guilty; and in the opinion of the Court, constitutes reasonable grounds to permit defendant to withdraw her plea of guilty.

For the foregoing reasons, this Court feels that the administration of justice would be better served by vacation of the judgment and sentence, withdrawal of the plea of guilty, permitting the defendant to enter a plea of not guilty, and stand trial on the charge herein alleged, and it is so ordered.

Reversed, with instructions.

BUSSEY and BRETT, JJ., concur.