William Joseph CONLEY, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14464.

Court of Criminal Appeals of Oklahoma.

July 24, 1968.

Frank Grayson and Jack L. Spivey, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Jr., Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge:

William Joseph Conley, Jr., was charged with three separate crimes: two cases of Receiving Stolen Property and one case of Uttering a Forged Instrument in the District Court of Oklahoma County, Oklahoma. All three were combined for the purpose of this appeal.

Defendant entered a plea of guilty to all three charges. He was represented by a lawyer at the time the plea of not guilty was withdrawn and a plea of guilty substituted therefor. Defendant said his attorney advised him that he could dispose of all three cases by entering a plea of guilty and just serve two years on all three counts. Defendant testified as follows:

"Q. Now will you tell the Court what prompted you to enter these pleas, as to whether or not you were in possession of all your faculties; were you in full and complete charge of what your thinking processes were; did you do this act as free and voluntary act? Just tell the court what influences, if any, you had, outside influences on you, making you enter your plea?

A. People been talking to me, my friends and neighbors and relatives and I just actually was all confused and didn't know what I—

MR. FUNK: I can't hear, Your Honor.

A. I was actually confused, I didn't know what I was doing at the time. I felt like I wasn't guilty. I didn't want to put any embarrassment on my mother and father and my wife and kids.

Q. About going through a trial?

A. Yes, sir.

Q. And you wanted to avoid a trial?

A. Yes, sir.

Q. Now you allege in your motion for vacation of his plea that you are not guilty? Are you not guilty of these offenses that you are charged with?

A. Yes.

Q. And you would be willing to face a jury trial if the court will permit you to withdraw your plea?

A. Yes, sir.

Q. And abide by the jury's decision; is that correct sir?

A. Yes, sir.

Q. Did you realize the consequences of your act of the plea of guilty until the time came on for sentencing; did you realize what that was?

A. Yes.

Q. You knew what the plea was; is that what you are stating?

A. I believe I did. I don't know. I was so confused.

Q. Well, in other words, you were so confused that you entered a plea and then realized what you had done, is that what you're trying to tell the Court?

A. Yes, sir.

MR. SPIVEY: I believe that's all."

The State offered, Mr. Funk, Assistant District Attorney, who agreed that defense counsel had conferred with Mr. Harley, another Assistant, who agreed to combine all the cases and upon a plea of guilty give the defendant two years.

Defendant's father testified that at the time defendant entered a plea:

"Q. You have been apprised and are familiar with the charges pending against this boy, your son?

A. Yes.

Q. Have you had occasion and the opportunity to have observation and contact with your son from the 11th day of April, 1967, and before that, to the present time?

A. Well, I have talked to him on occasion, yes.

Q. What was his emotional state of mind before the 11th, the day before he was—the trial date, which was the 11th of April, and subsequent to that time; what was his emotional state of mind?

A. Well, like any young person, or —age, I don't guess enters into it. I'm about as confused about it as he was. I think he was just confused: he didn't know what to do. He's not experienced in these matters.

Q. Did he discuss these things with you; did he talk to you?

A. Yes, we talked about it.

Q. Well, was it a continous thing; did it stay on his mind and prey on his mind; did it prey on your mind?

A. I'm sure it was on his mind; I know it has been on my mind, yes, sir.

Q. Do you think the boy had all of his faculties and knew what he was doing and the results of his acts of a plea of guilty?

A. Well, this is a hard question for me to answer. I don't think he did, no. I don't know what I would have answered had I been in his shoes.

Q. Well, from your talks to him and despite the fact that you are his father, has he led you to believe one way or the other as to his guilt or innocence?

A. Well, yes, he has.

Q. And that conclusion that you have arrived at, is that he is guilty or innocent; which one?

A. I think he is innocent."

The record reflects that the attorney who worked out the deal with the Assistant District Attorney no longer represents the defendant and that relations were severed prior to sentence date and the application to withdraw was filed by another attorney.

The defendant is a young man, 26 years old, who works for his father and also works as a projectionist at a theater.

There is no evidence of any previous criminal record.

 In view of the fact that this young man is pleading for jury trials on three charges that could result in a maximum of seventeen years in the penitentiary, instead of the two years he now has, there must be some merit to his contention that he was utterly confused and did not realize the consequences of his act. This Court herein follows the reasoning set forth in Gardner v. Oklahoma City, Okl.Cr., 437 P.2d 279, and in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, wherein some State's make it mandatory by statute that defendant be permitted to withdraw his plea of guilty and enter a plea of not guilty anytime before sentence is pronounced.

It is therefore directed that the judgment and sentences in all three cases be set aside, and defendant given a trial by jury as requested.

Reversed and remanded for a trial by jury.

BRETT, J., concurs.