SNUG HARBOR ASSOCIATION, INC., Helen Johnson Moore and Owen D. Johnson, Plaintiffs in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–14404.

Court of Criminal Appeals of Oklahoma.

July 31, 1968.

Frank Grayson and Jack Spivey, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Snug Harbor Association, Inc., Helen Johnson Moore and Owen D. Johnson, hereinafter referred to as defendants, were charged in the County Court of Canadian

County with the crime of Permitting Dancing Where Beer is Sold. In response to a notification from the sheriff that the charge has been filed against them, the two above named persons appeared personally and as representatives of Snug Harbor Association, Inc., at the office of the Assistant District Attorney in the courthouse at El Reno where, according to the testimony of the Assistant District Attorney, they were advised of the nature of the charge against them, of their right to counsel, their right to a jury trial and their right to enter a plea of not guilty and be released on bail. The Assistant District Attorney also testified that he notified them that in view of the fact that this was a first offense, he would recommend a fine, and he further testified that the defendants conferred with each other, advised him that they did not wish to be represented by counsel, and that they then accompanied him to the courtroom where again he testified they were advised of their rights as above set forth. Thereupon, they entered their pleas of guilty and were sentenced by the court to pay fines and costs.

Thereafter, and within six days from the time of rendition of judgment and sentence, a Motion to Vacate the Judgment and Sentence was duly filed and the defendants sought permission of the court to withdraw their pleas of guilty and enter a plea of not guilty. A hearing was held at which time the Assistant District Attorney testified as above set forth. The defendants testified that they appeared at the District Attorney's office, were advised that he would recommend a fine on a plea of guilty, but neither of them could recall whether or not the Assistant District Attorney or the Judge had advised them of the right to counsel. They did not deny having been so advised, but stated that they could not recall having been advised of this right. The trial court declined to make any statement into the record relating to this issue and the records of the trial court minutes reflect the following:

"2–21–67. Defendant Moore appears in person and as President of Snug Harbor Association, Inc. and Defendant Johnson appears in person and as Vice-President of Snug Harbor Association, Inc. Defendants are informed of the nature of the charge against them. Having been advised of their rights, each of said Defendants individually enters a plea of guilty to the crime of permitting dancing where beer is sold. It is the judgment and sentence of the Court that Defendant Moore pay a fine of $200.00, and that Defendant Johnson pay a fine of $200.00 and that Defendant Snug Harbor Association, Inc. pay a fine of $75.00 and all of said Defendants pay their respective proportionate shares of the costs of this action."

The judgments and sentences rendered against the defendants do not reflect that they were advised of their right to counsel and intelligently waived that right. At the conclusion of the hearing on the motion to vacate judgments and sentences and to allow the defendants to withdraw their pleas of guilty and enter a plea of not guilty, the trial court denied the motion and the defendants have perfected this appeal.

The single contention urged on appeal is that the trial court erred in overruling the motion to vacate the judgments and sentences and allow the defendants to withdraw their pleas of guilty and enter pleas of not guilty. In the recent case of Gardner v. The City of Oklahoma City, Okl.Cr., 437 P.2d 279, we stated:

"The granting or denying of permission to withdraw a plea of guilty either before or after judgment and substitute a plea of not guilty is a matter within the sound discretion of the trial court.

\* \* \* \* \* \*

Where it appears that such plea may have been entered as a result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation, and it is apparent that application to withdraw plea is made in good faith and not for the purpose of delay or to defeat

the ends of justice, denial of application to withdraw plea of guilty will constitute abuse of discretion.

\* \* \* \* \* \*

The Court of Criminal Appeals has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or after judgment, where any reasonable ground is offered in support of his motion.

\* \* \* \* \* \*

Where it reasonably appears a plea of guilty was influenced by persons in apparent authority which has led a defendant to believe that by entering such a plea, his punishment would be mitigated; he should be permitted to withdraw his plea of guilty and enter a plea of not guilty."

Under the facts here presented we fail to see where the State can be prejudiced in any way by allowing the defendants to have their day in court. In arriving at this conclusion we do not hold that the defendants were not advised of their constitutional rights; however, we feel it necessary to reiterate our recommendations and suggestions set forth in Copenhaver v. State, Okl.Cr., 431 P.2d 669, wherein we stated:

"Before accepting a plea of guilty, the trial court should advise the defendant of his right to be represented by counsel and if the defendant be indigent, of his right to be represented by court-appointed counsel, his right to a jury trial, the nature and consequences of entering a plea of guilty and the minimum and maximum punishment provided by law for the crime of which he stands charged. *The record should reflect an affirmative waiver of these rights if a plea of guilty is accepted.* [Emphasis added.]

For all of the reasons above set forth, the judgment and sentence appealed from is reversed and remanded for a new trial.

NIX, P. J., and BRETT, J., concur.