Julia BIGPOND, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15078.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Elliott Howe, Tulsa, for plaintiff in er-
ror.

G. T. Blankenship, Atty. Gen., Duane Lobaugh, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Julia Bigpond hereinafter referred to as defendant, was convicted in the Court of Common Pleas of Tulsa County, Oklahoma, on a charge of being drunk in a public place, Case No. 152139; and resisting an officer, Case No. 152140. From the judgment and sentence imposed in those cases defendant has perfected an appeal to this Court.

It appears that the defendant was arrested and confined in the Tulsa County Jail on July 21, 1968, on the above charges. Defendant was taken from the jail on July 22, 1968, to appear before the Judge of the Court of Common Pleas, for the purpose of arraignment. At that time, without counsel, defendant entered a plea of guilty to both charges. Judgment and sentence was thereupon imposed, with the Court, sentencing defendant to thirty days in the county jail, and a $50.00 fine on the public drunk charge; and a term of imprisonment of six months in the county jail, and a fine of $250.00, on the charge of resisting an officer.

On the following day, July 23, 1968, with the aid of counsel defendant filed a motion to withdraw the plea of guilty and asked permission to enter, in lieu thereof, a plea of not guilty. The motion also requested that defendant be granted a jury trial. A hearing was held on defendant's motion on July 24, 1968, when defendant was represented by counsel, Mr. Elliott Howe. The state was represented by the Assistant District Attorney, Mr. Max Hochandel. At the conclusion of the hearing, defendant's motion was denied. Defendant then entered her notice of appeal, and she was released on bail on both convictions, pending the results of her appeal.

The record reflects that the defendant testified at the hearing on her motion to withdraw the plea of guilty. In substance she testified that she was denied the right to call an attorney, relative or friend; that she did not see her husband until after judgment and sentence was imposed, when he visited her in jail; and that she did not understand that two charges were pending against her, when she entered her plea. She stated that she did not understand the seriousness of the charges, and that she entered the plea "to satisfy the cop;" and that it was her understanding that she would be released after she entered her plea.

The trial judge questioned the defendant extensively and stated into the record that he had advised defendant of her rights including the right to counsel, and that they "could make arrangements" to get an attorney for her. The judge also stated that he believed the plea was entered voluntarily.

When defendant's counsel objected to the testimony of the arresting officer, as being immaterial to the hearing on the motion, the trial Judge overruled counsel's objections, stating for the reason that "It was based on his statements to me that I arrived at the sentence I did, or sentences that I did." The Judge admitted that he had entered into conversations with the arresting officer, who was also the complaining witness, concerning defendant's situation, and the circumstances of her arrest. Consequently, the arresting officer's statements became the basis of the sentences imposed.

The defendant on appeal contends that it was error for the trial court to overrule the motion to withdraw a plea of guilty and cites in support of her position the case of Cannon v. State, Okl.Cr., 296 P.2d 202 (1956), in which this court reversed a conviction for a new trial where the trial court had refused the motion to withdraw a guilty plea. This court's opinion in Cannon v. State, supra, cited with approval the following language from its prior decision in Shaw v. State, 84 Okl.Cr. 63, 179 P.2d 169:

"* * * this court does not look with favor upon pleas entered * * * under

misapprehension. * * * Even though the court advised the defendant of his rights, it is apparent that the defendant had not had ample time for deliberation, and was laboring under a misapprehension of those rights, and did not fully appreciate the consequences of his act."

In Snug Harbor Association, Inc., v. State, Okl.Cr., 444 P.2d 249 (1968), this court also reversed the conviction and granted a new trial where the trial court had denied the defendant's request to withdraw a plea of guilty. In that case, the defendants appeared in court, each entered a plea of guilty, and were sentenced without the assistance of counsel. Six days after the imposition of judgment and sentence, with the aid of counsel, they filed a motion to vacate the judgment and sentence, and sought permission to withdraw their pleas of guilty and sought to enter pleas of not guilty. There was testimony in that case indicating that the defendants had been advised of their right to counsel, but the defendants testified they did not recall having been advised of their rights. The court's opinion held:

"Under the facts here presented we fail to see where the State can be prejudiced in any way by allowing the defendants to have their day in court. In arriving at this conclusion we do not hold that the defendants were not advised of their constitutional rights; however, we feel it necessary to reiterate our recommendations and suggestions set forth in Copenhaver v. State, Okl.Cr., 431 P.2d 669, wherein we stated:

'* * * The record should reflect an affirmative waiver of these rights if a plea of guilty is accepted.'"

The applicable rule of law was stated in Snug Harbor Association, Inc., v. State, supra:

"Where it appears that such plea may have been entered as a result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation, and it is apparent that application to withdraw plea is made in good faith and not for the purpose of delay or to defeat the ends of justice, denial of application to withdraw plea of guilty will constitute abuse of discretion.

"The Court of Criminal Appeals has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or after judgment, where any reasonable ground is offered in support of his motion." 444 P.2d, at 250.

In the instant case, there is apparently no record to show what actually occurred at the time sentence was imposed. Consequently, there is nothing to clearly indicate that the defendant was advised of her rights, and that she intelligently, understandingly, and voluntarily waived her rights when she entered a plea of guilty. The journal entry merely indicates the defendant "waives counsel."

■ From the record before the court, we are of the opinion that the following facts appear to have been sufficient to have warranted the granting of defendant's motion to withdraw her guilty plea: the fact that defendant had no contact with an attorney or relative from the time she was arrested and placed in jail, until after the imposition of sentences; the fact—which was unknown to defendant—that the arresting officer presented his testimony privately to the trial judge prior to the time the case was called for arraignment; the fact that defendant testified she was confused as to the charges and their seriousness as well as the fact of the substantial sentences, which were admittedly influenced by the extrajudicial testimony of the complaining witness. Likewise, it is not the prerogative of a court to determine that a jury trial would be a "useless thing," as stated by the sentencing judge at the hearing.

■ The law favors the trial of criminal cases on the merits. See: Wilson v. State, 82 Okl.Cr. 272, 168 P.2d 898, 899 (1946).

In the instant case, we hold that reasonable grounds were offered in support of defendant's motion to withdraw her plea of guilty and proceed to jury trial, and that the trial court should have granted the defendant's motion to withdraw the guilty pleas. We feel that the ends of justice will best be served by the vacation of the judgment and sentence, withdrawal of the plea of guilty, permitting the defendant to enter pleas of not guilty, and to permit her to stand trial on the charges herein alleged, and it is so ordered. Reversed and remanded with instructions as above stated.

BUSSEY and NIX, JJ., concur.