John D. **RITTER** and Everett C. **Johnston,**
Plaintiffs in Error,

v.

The **STATE** of Oklahoma, Defend-
ant in Error.

No. A–15661.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1970.

John Connolly, Oklahoma City, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

John D. Ritter and Everett C. Johnston, hereinafter referred to as defendants, were charged by Information with permitting a gaming table to be set up for gambling purposes on certain premises in Logan County, Oklahoma. They appeared initial-ly before the Associate District Judge of Logan County on October 10, 1969, with counsel and at that time waived reading of the Information and entered pleas of not guilty. They posted surety bonds for bail.

On October 16, 1969, the defendants appeared in court for the purpose of withdrawing their pleas of not guilty and entering pleas of guilty; whereupon the judge advised them that she would consider the recommendation of the District Attorney, but would not be bound thereby and asked the defendants if they still wished to withdraw their pleas of not guilty and enter pleas of guilty. The defendants did enter pleas of guilty and the District Attorney made the following recommendation which appears in the record at page 41:

"BY MR. GRAY: * * * I have talked with Mr. Tom Puckett who is acting for the State Crime Bureau and he has authorized me to make this recommendation to the Court and I make it in all good faith, he also authorized me for other action on the case which I will present after I make my recommendation. I think we have had good communications with the parties out of the club and so forth, I think that at this point according to all of the parties that this communication will take effect, I don't believe this will happen again in Logan County, at least according to the communications that have gone between us, we have had solid communications with the Crime Bureau, so in light of the authorization that the Crime Bureau has given me, and our communications there, this is with the agreement of said Crime Bureau, and the agencies involved on the raid, I would recommend the fine of $250.00 and half the costs for each defendant here, it would be the total cost on the total case.

BY THE COURT: I think the limitation of the fine of $200.00 as a matter of fact it is one to Two Hundred.

BY MR. CONNOLLY: I believe that's right Your Honor.

BY MR. GRAY: Then I would make my recommendations in accordance with that.

BY MR. CONNOLLY: That maximum fine is what we intended I had forgotten what that was.

BY MR. GRAY: I read it Your Honor, yes I would recommend the maximum fine."

The judge then took the matter under advisement until the 20th day of October, 1969, at which time the defendants were sentenced to pay fines of $200.00 and serve thirty day jail terms each.

Before judgment and sentence was pronounced, the judge stated that she had given considerable thought to the matter and could not go along completely with the recommendations of the District Attorney's office. At this point counsel for the defendants made the following statement which appears in the record at page 44:

"BY MR. CONNOLLY: When these cases were filed and I looked into them I concluded that the State would not have sufficient evidence to convict these men but both of them have business out of the State, Mr. Ritter in Los Angeles and Mr. Johnston in Illinois, and I, it was my suggestion that they enter a plea of guilty, more to dispose of the matter and so they would not have to stay here, but with the Court's indication, I think it is my fault, I assured them that in a misdemeanor that the Court would probably, or would follow the District Attorney's recommendation, if I am wrong on that it is not their fault, it is my fault for advising them that way, and if the Court should find not to follow the recommendation of this District Attorney, we would ask the Court to withdraw our plea of guilty and re-enter our plea of Not Guilty and have a trial.

Now it is not the fault of either one of these defendants, I'd have to assume responsibility for that, for I assured them that on a misdemeanor I would not have assured them on a felony, but on a misdemeanor I assured them that the Court would follow the recommendation, whatever the recommendation was of the District Attorney."

The court then refused the request to withdraw the pleas of guilty, and sentenced the defendants to pay fines of $200.00 and

serve thirty day jail terms each. A timely appeal has been perfected to this Court.

On March 18, 1970, the Attorney General filed a Motion to Dismiss this appeal for the reason that the defendants had left the jurisdiction of this Court without leave of this Court or the court below during the pendency of this appeal.

█ It is interesting to note that on the hearing on Application for Suspended Sentence, held on the 31st day of October, 1969, while defendants were on bond, defendants' counsel made the following statement, which appears in the record at page 46:

"BY MR. CONNOLLY: Your Honor there is one circumstance that might interest the Court in my application for suspended sentence, this building is a portable type building, moved onto the property, its on leased property. I got a call from a very fine young lawyer, John C. Harrington, there in Oklahoma City, and he had a client that wanted to buy the property. *Mr. Johnston happened to call me last night from Chicago,* I told him about it, and he said he would be very much interested. * * *" [Emphasis added].

In the Attorney General's Motion to Dismiss he makes the following requests:

"Wherefore, premises considered, defendant in error moves that the court order the plaintiffs in error to respond to this motion by affirming or denying the allegations herein; that in the event the allegations are denied that the court conduct an evidentiary hearing to make findings of fact on the allegations; that in the event the allegations are admitted or that no response is made within a reasonable time that this appeal be dismissed."*

In view of the fact that the trial judge knew and had been advised that the defendants had businesses in other states and

was specifically advised that defendant Johnston was in Chicago, it is apparent that the trial court had no objection to their leaving the jurisdiction or she would have advised counsel to have the defendants return to the jurisdiction immediately and not depart therefrom without the permission of the court. For this reason, we are of the opinion that the Motion to Dismiss should be, and the same is hereby, denied.

From the foregoing recital of facts it is readily apparent that the District Attorney, State Crime Bureau and other agencies had negotiated with the defendants through their counsel and had strongly represented that the recommended punishment would be the maximum fine. Obviously, both the District Attorney and defense counsel labored under the mistaken belief that the trial court would undoubtedly follow the recommendation and the statement of defense counsel Connolly made in attempting to withdraw the pleas of guilty *prior* to the imposition of judgment and sentence, makes it abundantly clear that the defendants would not have entered pleas of guilty unless they were laboring under the same mistaken belief and had so been advised by counsel that the trial court would follow the recommendation of the District Attorney.

█ While the trial court was not obliged to follow the recommendation of the District Attorney we are of the opinion that her failure to allow the defendants to withdraw their pleas of guilty prior to the imposition of judgment and sentence when it was apparent that they had been misadvised by counsel, constituted an abuse of discretion and that the judgment and sentence rendered thereafter should be, and the same is hereby vacated.

In arriving at this conclusion, we observe that neither of the defendants' cases had been set for jury trial and the only de-

---

* In accordance with the request of the Attorney General, this Court directed that a response be filed to the Motion to Dismiss and a Response was accordingly filed ad- mitting temporary absence from the jurisdiction. Nothing further was filed on behalf of the State.

lay occasioned by their being allowed to withdraw their pleas of guilty would have been the four-day delay between October 16th and October 20th, 1969.

For all of the reasons above set forth, the judgments and sentences appealed from should be, and the same are hereby, reversed and remanded with directions that the trial court allow the defendants to withdraw their pleas of guilty heretofore entered and enter pleas of not guilty. Reversed and remanded with instructions.

BRETT, P. J., and NIX, J., concur.