Alvin McLOUD, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16097.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

Red Ivy, Chickasha, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Alvin McLoud, hereinafter referred to as defendant, was charged by information in the District Court of Grady County, Case No. CRF–69–190, with embezzlement. Judgment and sentence was imposed on April 14, 1970, on defendant's plea of guilty and this appeal perfected therefrom.

Defendant contends that the trial court erred and abused its discretion when it denied defendant's motion to withdraw his guilty plea before imposition of judgment and sentence.

The records show that defendant was charged with having embezzled $350.00 in money and merchandise from the Seven-Up/Royal Crown Bottling Company. On October 9, 1969, defendant appeared for arraignment with retained counsel and entered a plea of guilty. The trial court questioned defendant fully as to whether he understood his rights. However, it is clear that defendant was entering his plea on the advice of counsel who had entered into an agreement with the prosecutor that the State would recommend a one year sentence to be imposed ninety days thereafter thus permitting defendant to make restitution. The trial court concurred in this arrangement and defendant was released on his own recognizance for ninety days. Sentencing was set for January 29, 1970, but defendant failed to appear and was arrested on a bench warrant on February 21, 1970. Defendant remained in jail after his arrest until April 14, 1970, when he appeared in court with appointed counsel since retained counsel had withdrawn from the case. There is no explanation as to why defendant remained in jail for two months before being brought into court.

At the April 14, 1970, appearance appointed counsel's motion to withdraw the plea of guilty was overruled and defendant sentenced to a term of two years imprisonment on the state's recommendation. Defendant argues that he was entitled to withdraw his plea before sentencing and maintains his innocence. Motion for New Trial was overruled and this appeal taken. Defendant's brief was filed June 4, 1970, and the state's brief was not filed until April 6, 1971, some ten months later.

 Title 22, O.S.1961, § 517, provides that the court may permit a plea of guilty to be withdrawn at any time before judgment. Although permitting withdrawal of a guilty plea is a matter within the sound discretion of the trial court, the law favors the trial of criminal cases on the merits, Gilmore v. State, Okl.Cr., 461 P.2d 992, especially when a guilty plea is entered in reliance on an unfulfilled promise as to punishment. Snug Harbor v. State, Okl.Cr., 444 P.2d 249.

In Ritter v. State, Okl.Cr., 475 P.2d 407, the state negotiated with the defendants through their counsel agreeing to recommend a minimum fine for defendants plea of guilty. However, the trial court imposed a punishment of both a fine and jail time. Defendants' motion to withdraw their guilty plea was overruled. On appeal, this Court reversed the trial court holding:

"* * * the defendants would not have entered pleas of guilty unless they were laboring under the same mistaken belief and had so been advised by counsel that the trial court would follow the recommendation of the District Attorney.

While the trial court was not obliged to follow the recommendation of the District Attorney we are of the opinion that her failure to allow the defendants to withdraw their pleas of guilty prior to the imposition of judgment and sentence when it was apparent that they had been misadvised by counsel, constituted an abuse of discretion and that the judgment and sentence rendered thereafter

should be, and the same is hereby vacated."

In Snug Harbor v. State, supra, defendants moved to vacate the judgment and sentence and withdraw their guilty plea six days after the trial court imposed a sentence exceeding that which defendants claimed had been promised by the prosecution. This Court reversed to permit defendants to withdraw their guilty plea, holding:

"Under the facts here presented we fail to see where the State can be prejudiced in any way by allowing the defendants to have their day in court. In arriving at this conclusion we do not hold that the defendants were not advised of their constitutional rights. * * *" 444 P. 2d 252.

Although the defendant failed to appear on the date set for sentencing and the trial court may have believed a greater sentence was therefore warranted, the term imposed was not the same as that agreed upon at the time defendant entered his guilty plea. If the agreement was not to be fulfilled, defendant was entitled to withdraw his plea particularly since he sought to do so before judgment and sentence. We also find it material that defendant was an indigent, and counsel had to be appointed after retained counsel abandoned the case. This may account for the unexplained two months defendant remained in jail before he was brought into court. Accordingly, we find defendant should have been allowed to withdraw his guilty plea and to proceed on a plea of not guilty.

Generally, the appropriate relief on such a finding would be to reverse the judgment and sentence, and allow the defendant to proceed to trial. However, this defendant has been in the penitentiary since April 15, 1970, which means he will soon have served enough time to satisfy a two year term allowing deductions for good time, work credits, jail time, etc. This Court's delay in disposition of this appeal has been in part occasioned by the State's filing its brief some ten months aft-

er the defendant's brief. Defense counsel has filed an amendment to his petition in error requesting that rather than granting a new trial the sentence be modified to time served. If defendant had not served so much of the sentence, such a request would not be granted, but under the circumstances, we find the request appropriate.

It Is, Therefore, Ordered that the Judgment and Sentence be Modified to *Time Served,* and defendant released from said judgment and sentence as so modified.

Modified and Affirmed.

BUSSEY, P. J., and BRETT, J., concur.