**Michael Raymond OSBORNE,
Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–15958.**

Court of Criminal Appeals of Oklahoma.

June 30, 1971.

Jack N. Shears, Ponca City, for plaintiff in error.

Gigger, Asst. Atty. Gen., for defendant in

Larry Derryberry, Atty. Gen., Nathan J. error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in Error, Michael Raymond Osborne, hereinafter referred to as defendant, was convicted in the District Court of Kay County, Case No. CRF–70–20, of the crime of Grand Larceny and sentenced to four (4) years imprisonment on February 23, 1970, and appeals.

Defendant, age 27, was charged by information along with four other co-defendants, with stealing $80.00 in cash from the Quick Trip Grocery in Ponca City, Oklahoma on February 13, 1970. On February 23, 1970, the defendants came before the trial court for arraignment represented by counsel. At that time defendant Osborne admitted to the court that he had taken the money without the knowledge or assistance of the other co-defendants. Osborne stated that while one of the co-defendants was in the car asleep and the others inside the store, he entered without being seen, observed the cash drawer partly open, took some money, and returned to the car. After the court fully advised defendant of his rights including a jury trial, defendant Osborne entered a plea of guilty which was accepted by the court. The other defendants entered pleas of not guilty. Counsel, who represented each of the defendants, stated he did not anticipate defendant's plea and advised he wait forty-eight (48) hours for sentencing. Nevertheless, defendant Osborne expressed his desire for immediate sentencing so that his co-defendants could be released. The court thereupon fixed punishment at four years imprisonment.

Defendant's trial counsel withdrew on February 25, 1970, and through new counsel, defendant filed on March 5, 1970, a Motion to Withdraw the Guilty Plea. This motion was overruled and the question on appeal is whether it was error for the trial court to deny the permission to withdraw the plea.

Defendant contends the plea was entered as the result of misunderstanding since he was mistaken that his co-defendants would be released as a result of his plea. It is true that where a guilty plea was entered as a result of inadvertence, ignorance, misunderstanding, misapprehension, or without deliberation, it is an abuse of discretion to deny an application to withdraw the plea of guilty. Conley v. State, Okl.Cr., 444 P.2d 252 (1968). However, we find no mistake or ignorance which would deprive the plea of its voluntary, intelligent, and competent character. Defendant does not allege, nor does the record show, that his plea was induced by a promise from anyone in authority to release the other co-defendants. Nor does defendant contend that his admission was inaccurate. Defendant may or may not have been singularly motivated by his desire for the release of the co-defendants. But any mistake here was defendant's own doing, free of outside influences, and does not amount to inducement or coercion rendering the plea involuntary. As observed by the United States Supreme Court in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970):

> "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." 397 U.S. at 757, 90 S.Ct. at 1473.

We, therefore, hold that the guilty plea was voluntarily and intelligently made after defendant was advised by the court of his rights while represented by counsel and that the trial court did not abuse its discretion in denying permission to withdraw the guilty plea several days after sentencing.

In addition, defendant contends that the sentence should be modified, citing the rule of this Court that if "justice requires a modification of the judgment appealed from where plea of guilty was entered, modification may be made." Dickson v. State, Okl.Cr., 336 P.2d 1113. Defendant

argues that the general policy of the trial court is to suspend sentences for first offenders, but that defendant, an out-of-state Negro, was denied this benefit and sentenced to serve four years, when five years is the maximum sentence allowable.

There is no proof of discrimination. However, particularly since this was an offense not involving violence, force, or weapons, and since defendant was a first offender, it would appear that a lesser term or suspended sentence would be more appropriate. The American Bar Association Standards on Criminal Justice recommend that sentences be suspended and defendants placed on probation, unless confinement is necessary to protect the public, or the offender needs correctional treatment provided in confinement, or probation would unduly depreciate the seriousness of the offense. A.B.A. Standards Relating to Probation, § 1.3(a). Hamilton v. State, Okl. Cr., 481 P.2d 471 (1971).

We, therefore, recommend that the trial court consider an application for suspending the sentence under the authority of 22 O.S.Supp.1970, § 994.

Judgment and sentence affirmed.

BUSSEY, P. J., and BRETT, J., concur.