**Vernon Nelson FREEMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18182.**

Court of Criminal Appeals of Oklahoma.

June 25, 1973.

Charles C. Chesnut, Miami, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, Vernon Nelson Freeman, hereinafter referred to as defendant, was charged by information in the District Court of Ottawa County, Oklahoma, with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. Defendant entered his plea of guilty without benefit of counsel. Punishment was set at ten (10) days in the County Jail and a fine of Two Hundred Fifty Dollars ($250.00). From said judgment and sentence, a timely appeal has been perfected to this Court.

After entering his plea, defendant was sentenced by the trial court to the mandatory ten days incarceration pursuant to statute. Defendant, who was without benefit of counsel, immediately sought legal advice and subsequently, within two hours

of the imposition of sentence, filed a motion to withdraw his plea of guilty and a request to enter a plea of not guilty. A hearing was held on said motion immediately, and the motion was overruled by the trial court.

The transcript of the testimony taken during the hearing on said motion reflects that defendant was evidently being arraigned at the same time as two other defendants. The record further reflects that the judge apparently advised the other two defendants of their rights and the potential consequences of a guilty plea, including the mandatory ten-day jail sentence. Defendant testified that at the time the other two defendants were so advised he was sitting on a bench approximately thirty feet away from the judge talking to his wife; that he had never been in court for any purpose; and that he was under the impression that if he pled guilty he would only receive a fine. Defendant further testified that when it was his time to go before the judge, the judge asked him if he had heard the judge reading to the other defendants; to which question defendant answered "Yes." However, defendant testified that he did not hear the substance of what was being read since he was talking to his wife and entered the voluntary plea of guilty believing it would be "the easiest way to get it over with so I could go to work."

Defendant's wife then testified that she and defendant were talking on the bench while the judge and the Assistant District Attorney were talking to the other two defendants.

The Assistant District Attorney, answering a question of defense counsel, then stated that he did not advise defendant of his right to consult with an attorney. Rod Baker, a District Investigator for the 13th Judicial District, then testified that he was present in court on the morning in question and that the judge had advised the prisoners of their rights including the consequences of a guilty plea. However, under cross-examination, Baker testified that the judge did not go into detail and explain the same things to defendant. He further testified that his vision was obscured, and he could not state whether defendant had been talking to his wife or not. The Minute Clerk then gave essentially the same testimony as Mr. Baker.

Defendant in his brief urges that under the facts and the testimony adduced at the hearing, the trial court should have permitted the plea of guilty to have been withdrawn and a plea of not guilty substituted. With this contention this Court agrees.

In Polk v. State, 26 Okl.Cr. 283, 224 P. 194, this Court held as follows, in the fifth paragraph of the Syllabus:

"The defendant in a criminal action should be permitted to withdraw his plea of guilty, given unadvisedly, either before or after judgment, where any reasonable ground is offered for going to the jury; and, while this is a matter within the discretion of the court, the discretion is a judicial one which should always be exercised in favor of innocence and liberty."

In McLoud v. State, Okl.Cr., 485 P.2d 480, this Court held, in the first paragraph of the Syllabus, as follows:

"The Court of Criminal Appeals has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or after judgment, where any reasonable ground is offered in support of his motion."

An examination of the record, including the minutes of the Minute Clerk, do not reflect that defendant was informed of the nature and consequences of a guilty plea, including the minimum and maximum punishment provided by law; of his right to counsel; and his right to a jury trial all as required by Copenhaver v. State, Okl.Cr., 431 P.2d 669.

It is therefore the opinion of this Court that the ends of justice will best be served if the judgment and sentence of the trial court is reversed. Accordingly, said judgment and sentence is REVERSED, and

this cause is REMANDED to the trial court for a new trial upon a plea of not guilty. Reversed and remanded.

BUSSEY, J., concurs.