MILTON TELLIS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5165

February 12, 1968                    437 P.2d 69

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, COLLINS, J.:

This case is an appeal (1) from denial of habeas corpus in one department of the lower court; and (2) from conviction of forgery and the sentence of 1 to 14 years in another department. We conclude there is no merit to either appeal and sustain the conviction.

Milton Tellis was arrested and charged with uttering, publishing and passing a forged check, a felony. He was represented by Nelle Price in the justice court. Upon arraignment, the district court continued her representation of Tellis, an indigent.

As shown by the record, Tellis, with counsel present, at first entered a plea of not guilty and asked for a trial, which was ordered. At his request bail was reduced by the district judge from $2,500 cash or $5,000 property bond to $1,000 cash or $2,000 property bond.

On January 26, 1966, three weeks later, Tellis with counsel, appeared before Judge Sundean and informed the court he desired to change his plea to guilty. The court accepted his guilty plea to forgery, continued the sentencing upon appellant's request for probation and ordered an investigation and report by the Parole and Probation Department. Bail was further reduced to $500 cash or surety.

On March 2, 1966 Tellis, again accompanied by counsel, appeared before Judge Sundean for consideration of his request for probation. The record shows counsel asked the court to consider a fact not shown in the report that Tellis had a firm offer of employment, "* * * if your Honor sees fit to grant this probation * * *." The request was granted.

Judge Sundean denied probation, sentenced Tellis to 1 to 14 years in the penitentiary and remarked, "You have a very outstanding record for getting in trouble. It's the kind of record

that would recommend that something be done to put an end to your turmoil with the law enforcement agencies." He was forthwith remanded to the sheriff's custody for disposition in accordance with the sentence.

Following denial of probation and sentencing, Mr. Kellar was retained by Tellis and on March 4, 1966 petitioned Judge Sexton for a writ of habeas corpus contending that Tellis was unlawfully in custody because of Judge Sundean's order in that he was induced to plead guilty because of a promise of the district attorney he would receive a suspended sentence and probation. Counsel further alleged that at the time of sentencing nothing was said of the promise of probation, nor was any consideration given to it and that Tellis was summarily sentenced to 1 to 14 years. He also asked that Judge Sexton, "vacate the plea of guilty and the judgment of conviction and [give Tellis] his day in court unless the district attorney * * * is willing to keep his promise and give the petitioner the opportunity to be rehabilitated on probation as promised at the time of the entry of the petitioner's plea."

The return to the writ indicated, "That the Petitioner's Attorney, Nelle Price, conferred several times with Deputy District Attorney, Earl Gripentrog in regard to a change of plea and possibility of probation. That the Petitioner's Attorney, Nelle Price, was informed that the District Attorney's Office had no authority to grant or deny probation, however a letter would be sent to the Probation Department recommending probation conditioned upon complete restitution and that failure to comply with this condition would mean revocation of probation. Defense counsel was also informed that the Probation Department could ignore any recommendation of Probation from the District Attorney's Office and any probation to be granted would be a matter for the Probation Department and the District Court Judge. On January 26, 1966 the Defendant, Milton Tellis, requested the presence of Deputy District Attorney, Earl Gripentrog again to confer as to the possibility of probation. At that time the defendant was informed in the presence of his Attorney, Nelle Price and also in the presence of Harry Publow, partner of Nelle Price that the District Attorney's Office could do nothing more than recommend probation and if the Petitioner changed his plea, he could be subject to a sentence of from 1–14 years in the Nevada State Penitentiary.

"At no time was the Petitioner ever informed that probation would be granted by the District Attorney's Office."

During the hearing on the writ before Judge Sexton, the deputy district attorney argued that Tellis was in custody because he pleaded guilty to forgery and was sentenced to the penitentiary.

Mr. Kellar argued: "Now, the defendant was perfectly willing to make the deal and he was going to get the opportunity to be probated and to get the opportunity to make restitution and work and support his family. He realized that he had never had any supervision in his life and hadn't had the kind of exposure that the Probation Officer would make available to him, and he thought that it was a good point in his life to start this sort of thing. Well, of course, when it came before the Judge, the Judge did not see fit to go along with it. The District Attorney's Office did make recommendation for probation for him and there is such a recommendation in the file, so that the defendant feels that he certainly would never have pleaded if he did not feel that they were going to keep their end of the bargain. Now, I am not going to blame the District Attorney or anybody whatsoever. This is not a case of blame, but it's a case of fact. He did not get probation. He did not get a chance to be restituted and to get restitution and to be rehabilitated and he certainly says that he did not desire to plead himself into the jail at Carson City. He would prefer for the jury to do that, and he is asking now to withdraw his plea unless we can transfer this to a department where the District Attorney's recommendation will be honored, that's fine, he is still willing to go through with that because he wants the opportunity to get the supervision and direction of the Court and to make restitution and to start a new life for himself. If he can't do that, then he would prefer to withdraw his plea, Sir."

At the conclusion of the hearing Judge Sexton ruled, "Well I actually don't think I have jurisdiction so long as judgment has been passed on him and sentence imposed, so therefore I will deny the writ." However, on Mr. Kellar's statement that Tellis intended to appeal, Judge Sexton continued bail fixed by him in the amount of $1,000 when he directed the writ to issue.

The foregoing is a recitation of all that appears in the record before us which bears on the issues purportedly raised on appeal and hereafter discussed in this opinion.

Appellant's opening brief, in near total disregard of SCR

23,[1] and upon the record recited above, in a section entitled "Statement of the Case" contends as follows: "Prior to the entry of the plea, the Appellant, his counsel, and as Assistant District Attorney had discussed at length the possibility of his entering a plea of guilty and it had been negotiated that this plea of guilty would be entered in exchange for the granting to the Appellant of suspension of the sentence to be imposed and a period of probation. The Appellant asserts that the Presiding Judge was aware of the contract made which induced the entry of his plea. The Assistant District Attorney filed with the Judge a recommendation that the Appellant be granted probation and the Judge ordered a probation report.

\* \* \* \* \*

"The Appellant then made application to the Court to withdraw his plea, which the Court would not countenance. The Court also refused to entertain any motion to arrest judgment or to vacate the sentence imposed. \* \* \* There appeared to be no great controversy as to the knowledge of the Judge prior to the entry of the plea of guilty of the arrangements and negotiations which had prefaced the Appellant's decision to plead guilty and the entry of the plea.\* \* \*"

The record is totally devoid of any application by Tellis to withdraw his plea or that any motions to arrest judgment or vacate the sentence were even made or considered by any department of the lower court.

Further serious allegations were made in Mr. Kellar's opening brief when he stated, "For the Court to have permitted this plea to have been enacted by inducement and then to insist that it be a valid basis for the conviction, while ignoring and

---

[1]"1. A brief must designate the page and line, or the folio, in the record where the evidence or matter referred to may be found, and in case of failure to do so the court may ignore the point made.

"2. The opening brief on appeal shall include in separate divisions the following:

(a) A brief statement of the nature of the action and of the judgment or order appealed from.

(b) A brief statement specifying the legal issues presented by the appeal.

(c) A specification of the errors of law which the appeal seeks to correct.

(d) A statement of facts necessary to explain the issues presented and the assignments of error. Disputed facts shall be specified as such.

(e) Argument upon the issues of law.

"Where more than one legal issue is involved, and where deemed preferable by counsel for purposes of clarity, the statement of facts may be incorporated into the argument and so divided that the facts pertinent to each issue are separately stated in relation to such issue."

failing to grant the condition for which the said plea was exchanged, is to induce disrespect for courts and to foster basic immorality which will eventually be the undoing of our democratic society."

The record is absolutely barren of anything which would support such a contention either directly or even inferentially.

Apparently counsel for appellant is of the mistaken belief that this court will accept contentions or arguments in his brief as a substitute for the court record. The law neither permits us to do so nor do we have any inclination to exercise our discretionary powers under such circumstances even in a criminal appeal.

Accordingly, upon the record before us, there is not the slightest evidence to indicate that Judge Sundean participated in any plea bargaining or even knew of it. Likewise, Judge Sexton was eminently correct, upon the showing made, in denying appellant's application for habeas corpus for want of jurisdiction.

The conviction is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.