WARDEN, NEVADA STATE PRISON, Appellant, *v.*
CAREY CRAVEN, Respondent.

No. 7723

WARDEN, NEVADA STATE PRISON, Appellant, *v.*
JOSE FILIBERTO TORRES, Respondent.

No. 7724

July 23, 1975                    537 P.2d 1198

*Robert List*, Attorney General, and *Robert A. Groves,* Deputy Attorney General, Carson City, for Appellant.

*Victor Alan Perry,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

Craven and Torres, respondents, were charged with multiple felony offenses. Initially, they pled not guilty to all charges, but later entered guilty pleas to the charge of burglary, as a result of plea negotiations, and the remaining charges were dismissed. Thereafter, respondents sought to set aside their pleas as involuntary. Their petition was summarily denied. On appeal, we reversed and remanded with instructions to conduct an evidentiary hearing. After conducting the hearing, the district judge found that the pleas had been entered involuntarily and ordered that respondents be permitted to plead anew. Appellant claims that the finding below was erroneous; hence, this appeal.

The district judge predicated his finding that respondents' pleas were involuntary on the fact that respondents acted upon "an inference of probation" supplied by their attorney, the public defender.[1] We have reviewed the record, and the evidence is conflicting. The public defender asserts he did not in any way urge his clients to plead guilty with a promise of probation. On the other hand, respondents and their lady friends maintain that a promise was offered. NRS 176.165 permits a defendant to withdraw a guilty plea after sentencing. While we do not wish to suggest that a guilty plea may be rendered involuntary *per se* because of an alleged subjective reliance by a defendant on counsel's innuendo as to sentence,[2] we are constrained to affirm the ruling of the district judge in the instant case. The trial court judge, as the fact finder, has heard and observed the witnesses, and we cannot rule as a matter of law that his finding that respondents pled in reliance on a sentence of probation, fostered by counsel, constitutes abuse of discretion. See Snug Harbor Ass'n v. State, 444 P.2d 249 (Okla.Cr.App. 1968); State v. Sorenson, 73 Nev. 218, 315 P.2d 508 (1957).

Affirmed.

---

[1]The following characterizes the finding of the court:

"Good cause appearing, the Court finds that the colloquy between the petitioners and their counsel before entry of the formers' pleas of guilty to a charge of burglary revealed an inference of probation to petitioners. That such inference of probation, and petitioners' subsequent guilty pleas based thereon, were constitutionally insufficient within the purview and purpose of NRS 174.035.

"The Court specifically finds, however, that any inference of probation by petitioners' appointed counsel was unintentional and not deliberate by said counsel; additionally, the Court finds that the plea bargain struck between petitioners' counsel and the opposing District Attorney was not breached. The court only finds and determines that there was an innuendo and inference between the court appointed counsel and petitioners that if the latter individuals entered a plea of guilty to one count of burglary, they would receive probation. . . ."

[2]See United States ex rel. LaFay v. Fritz, 455 F.2d 297 (2d Cir. 1972), at 303, where the court said:

"Insofar as *Thurmond* may indicate that voluntariness of plea depends upon a defendant's belief (the "subjective" test) that a promise of a particular sentence has been made, although in fact there was no such promise, would seem to be contrary to the law of this circuit."