MICHAEL ALLEN ROUSE, Appellant, v. THE STATE
OF NEVADA, Respondent.

No. 7829

October 24, 1975                    541 P.2d 643

*Lohse and Lohse, Chartered,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Howard D.
McKibben,* District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

On April 11, 1974, Michael Allen Rouse pled guilty to
possession of a controlled substance, marijuana. He was sen-
tenced to a 4-year term in the Nevada State Prison. The exe-
cution of his sentence was suspended, and Rouse was placed

on probation for 2 years.[1] After sentencing, Rouse moved to withdraw his plea under the provisions of NRS 176.165, claiming that his plea was involuntary in that it was entered on the advice of his attorney that he would probably be given probation without jail time and a deferred sentence, as provided in NRS 453.336, subsection 6.[2] Rouse's attorney frankly admits that he did so advise Rouse. After a hearing on the motion, the court below denied it; hence, this appeal.

In Warden v. Craven, 91 Nev. 485, 537 P.2d 1198 (1975), this court affirmed a decision of a lower court permitting the respondents to withdraw their pleas of guilty to multiple felony offenses. In that case, the district judge had predicated his findings that the defendants' pleas were involuntary on the grounds that they were induced by an inference of probation supplied by their attorney. We felt constrained to affirm that ruling because we could not say that it amounted to an abuse of judicial discretion. In so holding, however, we admonished that we did not intend to suggest that a guilty plea would be rendered involuntary *per se* because of an alleged subjective reliance on counsel's innuendo regarding a possible sentence. Rouse's argument on this appeal falls directly within the ambit of that caveat.

In the instant case, Rouse's guilty plea was entered as a result of plea negotiations between the parties, wherein Rouse agreed to plead guilty on the promise that the prosecution would make no suggestion or recommendation to the court regarding sentencing. The record shows that the agreement was fully disclosed to the trial judge in open court and that the parties specifically stated that no other promise or consideration had been offered or accepted in connection with Rouse's plea. Rouse himself corroborated this testimony by acknowledging that he understood the bargain as described to incorporate the full extent of the agreement between the parties and that no other promise or threat had been made as an inducement to his plea of guilty.

---

[1] As a condition of probation, the sentence provided that Rouse would have to spend the first 50 days in the Douglas County Jail.

[2] NRS 453.336, subsection 6:

"6. Whenever any person who has not previously been convicted of any offense under the provisions of NRS 453.011 to 453.551, inclusive, or under any statute of the United States or of any state relating to narcotic drugs, marihuana or stimulant, depressant or hallucinogenic drugs pleads guilty to or is found guilty of possession of a controlled substance under this section, the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions."

Rouse, however, has attempted to explain the contradiction between this testimony and his present position by characterizing the taking of his plea as merely a *pro forma* routine colloquy entered into the record solely for the sake of legal technicality, but without any real substance in fact. We reject such an argument as entirely meritless. In Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), the Third Circuit Court of Appeals observed that nullification of a plea on grounds similar to the one advanced in the instant case would reduce solemn legal proceedings to a charade, which would go far to undermine decisional finality, which is necessary to the effective administration of justice. We agree. Were a plea to be considered involuntary because of subjective reliance on advice of counsel regarding a potential sentence, no plea would be immune from attack. Consequently, we hold that mere subjective belief of a defendant as to potential sentence, or hope of leniency, unsupported by any promise from the State or indication by the court, is insufficient to invalidate a guilty plea as involuntary or unknowing. See Maggio v. United States, 514 F.2d 80 (5th Cir. 1975); People v. Selikoff, 360 N.Y.S.2d 623 (1974); cf. Tellis v. State, 84 Nev. 140, 437 P.2d 69 (1968).

Rouse additionally contends that the trial court abused its discretion in refusing to give him a deferred sentence under the provisions of NRS 453.336, subsection 6, *supra*. We disagree. The thrust of Rouse's argument is that, in refusing to so consider him, the court rested its decision on a prior arrest for a drug-related charge. From this, Rouse has concluded that the trial court considered his arrest tantamount to conviction, contrary to the intent of the statute, which precludes its application only where there has been a prior conviction. This argument, however, overlooks the statement of the trial judge that, in determining Rouse's sentence, he carefully considered the appropriateness of accepting a deferred guilty plea under NRS 453.336, subsection 6. Were the judge of the opinion that a prior arrest necessarily precluded application of the statute, he need not have carefully considered the matter. Far from finding an abuse, we find the trial court to have exercised its discretion in a most careful and considerate manner.

Affirmed.