DANIEL R. REZIN, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 8325

February 3, 1977                                     559 P.2d 822

*David H. Hamilton,* of Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## O P I N I O N

*Per Curiam:*

Defendant Daniel R. Rezin pleaded guilty to the crimes of robbery and forcible rape and was sentenced to 15 and 28 years respectively. He now appeals contending that the plea was involuntary, first, because he did not understand the nature and consequences of the plea when it was entered, and second, because the District Attorney allegedly failed to keep to one of the conditions upon which the defendant based his plea of guilty.

While this court is entirely mindful of those standards governing the entry of guilty pleas (Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970); Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973)), we do not find a transgression sufficient to require the vitiation of the guilty plea. Appellant now claims that he did not understand that he was pleading guilty to performing the actual act of intercourse, only that he was pleading guilty as an aider and abettor, acknowledging that the criminal liability was the same. His only quarrel with the plea of guilty

is that because of it he was precluded at sentencing from denying that he actually performed the act of rape upon the prosecutrix and consequently received a stiffer sentence than a co-felon who could make that denial. The record evinces a sufficient canvassing of the defendant by not only the judge, but counsel as well. The affidavit of·the defendant states that he "did (1) have carnal knowledge." The affidavit was witnessed by defendant's attorney who acknowledged that he had explained "the nature of the charge against him, i.e., the elements of the charge." He further adds, "In my opinion, my client understands the nature of the charge against him and the consequences of a guilty plea." Accordingly, this claim is without merit.

Appellant also contends that the prosecution breached the agreement upon which the defendant based his plea of guilty by initially promising to ask for concurrent sentences for the two crimes and later arguing for consecutive sentences before the judge. The record does not support such a promise on the part of the prosecution. The District Attorney represented to the defendant that it was the "maximum" sentence for forcible rape, imprisonment for life, which would be sought. Appellant bases his argument on the representation of the District Attorney that if such a penalty were in fact obtained, then there would be no objection to concurrent sentences. In the absence of an express or implied promise concerning the sentence to be sought, the prosecution is not foreclosed from arguing for consecutive sentences. The failure of the subjective expectation on the part of the defendant to occur subsequent to the entry of such a plea is not sufficient grounds upon which to rescind it. Rouse v. State, 91 Nev. 677, 541 P.2d 643 (1975). Thus, appellant's second claim must also fail. Accordingly, the judgment of the court below based upon the plea of guilty will not be disturbed.

Affirmed.