No. 78–5619. REZIN *v.* WOLFF, WARDEN. C. A. 9th Cir. Certiorari denied. ▮

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

The Nevada Supreme Court affirmed petitioner's conviction after rejecting his claim that a plea bargain had been breached in violation of *Santobello* v. *New York,* 404 U. S. 257 (1971). *Rezin* v. *State,* 93 Nev. 55, 559 P. 2d 822 (1977). Petitioner then unsuccessfully sought federal habeas corpus, the District Court denying his petition on the grounds that he had failed to raise the *Santobello* claim until his appeal to the Nevada Supreme Court. Affirming, the Court of Appeals held that petitioner's failure to object in the state trial court was not within the "cause and prejudice" exception of *Wainwright* v. *Sykes,* 433 U. S. 72 (1977). Affirmance order, 580 F. 2d 1053 (CA9 1978).

*Wainwright* v. *Sykes,* however, did not impose its own contemporaneous-objection rule independent of state rules governing the time for raising objections in state criminal proceedings. The only issue addressed in *Sykes* was: "In what instances will an adequate and independent state ground bar consideration of otherwise cognizable federal issues on federal habeas review?" 433 U. S., at 78–79, 81. In this case, the Nevada Supreme Court reached and decided the *Santobello* issue, and there would have been no adequate and independent state ground of decision barring review by this Court on a petition for certiorari from the judgment of the Nevada Supreme Court. *Jenkins* v. *Georgia,* 418 U. S. 153, 154–157 (1974). If Nevada has a rule requiring the *Santobello* issues to be presented to the trial court, the Nevada Supreme Court

1104

did not enforce the rule in this case. *Wainwright* v. *Sykes* is therefore beside the point, and I would grant certiorari.