THE STATE OF NEVADA, APPELLANT, v. HERMELIO GARCIA LANGARICA, RESPONDENT.

No. 21828

December 20, 1991                                    822 P.2d 1110

[Rehearing denied February 11, 1992]

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, and *Scott W. Edwards,* Deputy District Attorney, Washoe County, for Appellant.

*Plater & Picker,* Reno, for Respondent.

## OPINION

By the Court, Young, J.:

On August 25, 1989, Hermelio Garcia Langarica (Langarica) pled guilty to a reduced charge of trafficking in 200, but less than 400, grams of a schedule II substance (cocaine). On November 8, 1989, Judge Breen sentenced Langarica to six years imprisonment and imposed the minimum mandatory fine of $100,000. Upon a petition for post-conviction relief, based on ineffective assistance of counsel, Judge Breen set aside Langarica's conviction and guilty plea and reinstated the charges. The State appeals.

### DISCUSSION

To state a claim of ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a defendant must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhard, 474 U.S. 52 (1985); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984), *cert. denied*, 471 U.S. 1004 (1985).

In his petition, Langarica asserted that he thought he would be sentenced to probation or time served, and that his counsel told him that he would argue for probation at sentencing. The sentencing range for Langarica was five to twenty years. When Langarica entered his plea of guilty, the court specifically asked him what the punishment for the crime could be, and Langarica answered through an interpreter, "Five to 20 years." The court twice told Langarica that he would take his chances on the maximum punishment and asked if Langarica was willing to take such a chance. Langarica answered "Yes" both times. The court informed Langarica that he would serve five years in prison as a minimum, unless Langarica provided substantial assistance. Upon asking Langarica if he understood, Langarica answered, "Yes, I understand." The court asked Langarica if he was involved in the drug deal and if he was guilty of the offense. Langarica answered "Yes" to both questions.

At the post-conviction relief evidentiary hearing, defense counsel testified that Langarica repeatedly asked him if he could be

sentenced to probation. Defense counsel informed Langarica that he could not get probation, but that he would argue for it at sentencing. Defense counsel felt that, even though there was a minimum sentence of five years, the court had the inherent power to impose any sentence the court saw fit.

In granting the petition for post-conviction relief, the district court stated that the canvas at the guilty plea hearing was proper, but that the court was "troubled" about defense counsel's position concerning the minimum sentence and the availability of probation, given defense counsel's mistaken beliefs about the court's powers to impose sentence. The court also stated that the language barrier complicated Langarica's plea.

The State argues that, even if Langarica had relied on incorrect sentencing information, he is not entitled to post-conviction relief. We agree. The controlling authority is Rouse v. State, 91 Nev. 677, 541 P.2d 643 (1975), wherein this court stated:

> Rouse, however, has attempted to explain the contradiction between this testimony and his present position by characterizing the taking of his plea as merely a *pro forma* routine colloquy entered into the record solely for the sake of legal technicality, but without any real substance in fact. We reject such an argument as entirely meritless. In Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), the Third Circuit Court of Appeals [sic] observed that nullification of a plea on grounds similar to the one advanced in the instant case would reduce solemn legal proceedings to a charade, which would go far to undermine decisional finality, which is necessary to the effective administration of justice. We agree. Were a plea to be considered involuntary because of subjective reliance on advice of counsel regarding a potential sentence, no plea would be immune from attack. Consequently, we hold that mere subjective belief of a defendant as to potential sentence, or hope of leniency, unsupported by any promise from the State or indication by the court, is insufficient to invalidate a guilty plea as involuntary or unknowing.

*Id.* at 679, 541 P.2d at 644. In the case before us, Langarica was correctly informed, both by the court and his counsel, of the possible sentence when he pled guilty. Judge Breen thoroughly and precisely canvassed Langarica regarding the plea. Were we to hold that post-conviction relief was proper here, we would be reducing the guilty plea canvas to a mere "pro forma routine colloquy." We are loathe to do so. Langarica knew the sentence possibilities; he informed the court of the correct sentencing

range in his own words. He knew he was taking his chances on the maximum penalty. He knew probation was not available unless he provided substantial assistance. With these facts before us, we hold that Langarica's guilty plea was knowing and voluntary.

We additionally find that there was no prejudice to Langarica imposed by the language barrier. There are no allegations of inaccurate translation and no evidence to show that translation difficulties caused Langarica any misunderstanding regarding his guilty plea. Indeed, at the post-conviction hearing, Langarica expressly declined to call the interpreter as a witness to testify regarding any communication difficulties.

Accordingly, we reverse the grant of post-conviction relief and reinstate Langarica's guilty plea and sentence.

ROSE and STEFFEN, JJ., concur.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

I cannot join in the majority's decision to reinstate Langarica's guilty plea and sentence. Based on his own observations as a distinguished trial judge, Judge Breen determined that Langarica did not fully understand the full ramifications of the plea bargain into which he had entered. I do not agree that Judge Breen abused his discretion by correcting what he believed to be an inequitable situation. I would therefore uphold the judgment of the trial court.

SPRINGER, J., dissenting:

I dissent because I do not think that Judge Breen was guilty of any abuse of discretion in this case. The district judge advisedly made the informed observation that Langarica, who does not speak English, was "confused about probation availability." The judge further noted that Langarica knew that he was facing more serious charges if the guilty plea were set aside so that Langarica had "no motivation to fabricate under these circumstances."

The district judge also concluded, based on his evaluation of Langarica's testimony and other factors in the record, that "counsel was ineffective concerning . . . one vital area," namely, counsel's imparting to Langarica an incorrect belief relating to "the Court's powers concerning probation and sentencing in drug trafficking cases." The district judge took into consideration defense counsel's inadequate argument at the sentencing hearing. The inadequacy of counsel in this case was, according to the district judge, further "complicated by the language barrier." All

of the foregoing brought Judge Breen to the reasoned conclusion that the proceedings were "confusing and misleading" to Langarica. I do not see how we can say that Langarica was not confused or misled when the judge who was sitting there says that he was. I see no breach of discretion on the part of the trial judge and would uphold the judgment of the trial court.