An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLIE CABRERA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61114

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his petition filed on March 23, 2012, appellant claimed that his guilty plea was invalid. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); see also Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). In determining the validity of a guilty plea, this court looks to the totality of the circumstances. State v. Freese, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); Bryant, 102 Nev. at 271, 721 P.2d at 367.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

First, appellant claimed that he was pressured into pleading guilty and that he was depressed and mentally unstable when he entered the plea. We conclude that appellant failed to demonstrate that his plea was invalid. At the plea canvass, appellant stated that no one had threatened or forced him to plead guilty, he had read and understood the entire plea agreement, and his counsel answered all of his questions regarding the plea agreement. There is no indication in the record that appellant was coerced or that he suffered from a mental illness that would impair his ability to understand the legal proceedings before him. See NRS 178.400; see also Godinez v. Moran, 509 U.S. 389, 396-97 (1993); Dusky v. U.S., 362 U.S. 402, 402 (1960). Accordingly, we conclude that the district court did not err in determining that his guilty plea was knowingly and voluntarily entered.

Second, appellant claimed that he was not informed that he would be subject to lifetime supervision until after he entered his plea. This claim is belied by the record, as the plea agreement stated that he would receive a sentence of lifetime supervision, and he affirmed his understanding during the plea hearing that he would be subject to lifetime supervision. Thus, the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v. State, 112

SUPREME COURT
OF
NEVADA

(O) 1947A

Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

First, appellant claimed that trial counsel was ineffective for promising him that he would receive concurrent sentences of life with parole eligibility after 10 years when he actually received consecutive sentences, and for telling him that he would receive life without parole if he went to trial. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. In the plea agreement and during the plea canvass, appellant acknowledged that no one promised him a particular sentence, that sentencing was in the discretion of the district court, and that he had read and understood the plea agreement. The plea agreement also informed appellant of the potential sentences he faced. Appellant's mere subjective belief as to a potential sentence, unsupported by any promise from the court or the State, is not sufficient to invalidate his guilty plea as involuntary and unknowing. Rouse v. State, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975). Furthermore, appellant received significant benefits in pleading guilty— the State dismissed 13 felonies and 2 misdemeanors in exchange for his pleading guilty to 2 felonies. In light of the record, appellant failed to demonstrate that, but for counsel's alleged errors, he would not have pleaded guilty but would have insisted on going to trial. Thus, we conclude that the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to discuss possible defenses with him, listen to his explanation of the offenses, and explain the waiver of his rights to him. Appellant failed to set forth specific facts in support of these claims, and thus, he failed to

demonstrate that counsel's performance was deficient or that he was prejudiced. See Hargrove v. State, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Furthermore, the record belies his claim regarding the waiver of rights, as he acknowledged during the plea canvass that he understood the rights that he was giving up by pleading guilty and that he had no questions about those rights or the plea negotiations. Thus, the district court did not err in denying these claims.

Appellant also claimed that: (1) his sentence should be modified because it was based on "fake assumptions and allegations" and mistakes of fact; (2) his sentence of lifetime supervision did not comport with legislative intent, as he was not a "dangerous sexual predator with a high degree of likelihood of recidivism"; (3) his lifetime supervision sentence was arbitrarily and capriciously imposed in violation of his right to due process; (4) his lifetime supervision hearing was null and void because he was not adjudicated a dangerous sexual predator with a high likelihood of recidivism; and (5) his lifetime supervision sentence and convictions violated the Double Jeopardy Clause. These claims fall outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. See NRS 34.810(1)(a). Therefore, we conclude that the district court did not err by rejecting these claims.

Finally, appellant claimed that he was actually innocent of some of the charges and that a failure to grant habeas relief would result in a miscarriage of justice. Even assuming a freestanding actual-innocence claim is cognizable in a post-conviction petition for a writ of habeas corpus, appellant made no colorable showing of actual innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998) (explaining that, to

demonstrate actual innocence, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence" (internal quotation marks omitted)). Accordingly, we ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jessie Elizabeth Walsh, District Judge
Charlie Cabrera
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.