An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IAN ARMESE WOODS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62095

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his petition filed on August 23, 2012, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21624

pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant claimed that trial counsel was ineffective for waiving the preliminary hearing after counsel found out that the victim was not going to appear, and for failing to conduct a pretrial investigation. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. The record reveals that counsel waived the preliminary hearing because appellant had negotiated a plea agreement and was going to enter a guilty plea. Furthermore, appellant was informed of, and agreed with, counsel's decision to waive the preliminary hearing. As for counsel's failure to conduct a pretrial investigation, appellant alleged only that counsel should have investigated appellant's doctor who was treating him for mental health problems and should have found out what evidence the State had against appellant. Appellant failed to explain what counsel would have discovered and how further investigation would have impacted his decision to plead guilty. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225 (noting that "bare" or "naked" claims are insufficient to grant relief). Thus, he failed to demonstrate a reasonable probability that, but for counsel's failure to

investigate further, appellant would not have pleaded guilty and would have insisted on going to trial. Accordingly, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to inform the district court that appellant suffered from bipolar disorder and schizophrenia and was on medication at the time he entered his guilty plea. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant did not demonstrate that any mental illness or medication impaired his ability to understand the proceedings or the consequences of his plea. *See* NRS 178.400; *see also Godinez v. Moran*, 509 U.S. 389, 396-97 (1993); *Dusky v. United States*, 362 U.S. 402, 402 (1960). He affirmatively acknowledged during the plea canvass that he had read and understood the written guilty plea agreement, that he did not have any questions, and that he was pleading guilty voluntarily. In light of the record, appellant failed to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial. Accordingly, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel was ineffective for failing to inform him of his right to appeal his sentence. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced, as appellant did not allege that he requested an appeal and he was informed in his plea agreement of the limited right to appeal. *See Davis v. State*, 115 Nev. 17, 20, 974 P.2d 658, 660 (1999); *Thomas v. State*, 115 Nev. 148, 150, 979 P.2d 222, 223 (1999).

Next, appellant claimed that his plea was invalid because the State promised him a sentence of 1 to 10 years in prison, but he instead received a sentence of 5 to 15 years. He also claimed that the district court did not properly canvass him about his mental health and ability to understand the proceedings when he entered his guilty plea. We conclude that appellant failed to demonstrate that his plea was invalid. His claim regarding his sentence is repelled by the record, as he was informed in the guilty plea agreement and at sentencing that the State retained the right to argue for small habitual criminal treatment, which could result in a sentence of 5 to 20 years in prison. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant's mere subjective belief as to a potential sentence, unsupported by any promise from the court or the State, is not sufficient to invalidate his guilty plea as involuntary and unknowing. *Rouse v. State*, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975). Furthermore, appellant received significant benefits in pleading guilty—the State dismissed two other felonies and one gross misdemeanor in exchange for his pleading guilty to burglary. Appellant also failed to demonstrate that the plea canvass was deficient or that he was impaired in his ability to understand the legal proceedings. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Thus, the district court did not err in denying these claims.

Finally, appellant claimed that the State failed to file a notice of habitual criminality. This claim falls outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. *See* NRS

34.810(1)(a). Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Ian Armese Woods
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.