An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT ALLEN KEVARI,
Appellant,
vs.
E.K. MCDANIEL, WARDEN,
Respondent.

No. 61159

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court dismissing appellant's post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Steven R. Kosach, Senior Judge.

On appeal from the denial of his petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel without holding an evidentiary hearing. To prove ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). To warrant an evidentiary hearing, appellant must raise claims that are not belied by the record and that, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

13-27767

First, appellant argues that trial counsel was ineffective for failing to consult with appellant before sentencing and inform him that the State had filed a notice of intent to seek habitual criminal sentencing. Appellant failed to demonstrate prejudice. Appellant asserts that, had counsel informed him earlier that the State had filed notice to have him adjudicated a habitual criminal, appellant might have filed a presentence motion to withdraw his guilty plea. However, appellant was informed in the plea agreement and during the plea canvass that the State might seek habitual criminal adjudication. Thus, he has failed to demonstrate that the fact that the State actually filed notice to seek habitual criminal adjudication would have constituted a substantial reason to withdraw a guilty plea. *See Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001) ("District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason."). Appellant also asserts that he would have reviewed his prior convictions to determine whether they were valid and he would have consulted his counsel about evidence to be introduced at sentencing. Appellant does not identify any evidence that counsel should have, but did not, produce at sentencing, nor has appellant alleged that any of his prior felony convictions were invalid. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225 (noting that "bare" or "naked" claims are insufficient to grant relief). Thus, we conclude that the district court did not err in denying these claims.

Second, appellant argues that trial counsel was ineffective for failing to explain to him that he could receive a life sentence if he pleaded guilty. Appellant failed to demonstrate prejudice. Appellant correctly points out that the plea agreement did not inform him of the maximum

sentences that he could receive if he were found to be a habitual criminal.[1] However, during the plea canvass, the State informed appellant that, if he were to be sentenced as a habitual criminal, the district court could impose a sentence of 10 to 25 years in prison, a sentence of 10 years to life, or a sentence of life without parole. Although the State agreed to recommend a sentence of no more than 10 to 25 years at sentencing, appellant was specifically informed in both the plea agreement and during the plea canvass that the district court was not bound by the parties' negotiations and had sole discretion as to which sentence to impose. Appellant affirmed his understanding of this and affirmatively acknowledged that his decision to enter a guilty plea was not motivated by any promises not contained in the written guilty plea agreement. Thus, we conclude that the district court did not err in finding that appellant knew when he entered his guilty plea that he could be sentenced to life without parole. *See Hudson v. Warden*, 117 Nev. 387, 396, 22 P.3d 1154, 1160 (2001) (applying a "totality of the circumstances" test to determine whether defendant understood the consequences of the plea); *see also Rouse v. State*, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975) (holding that defendant's mere subjective belief regarding sentencing was insufficient to invalidate his decision to enter a guilty plea). Accordingly, we conclude that the district court did not err in denying this claim.

Third, appellant argues that trial counsel was ineffective for failing to provide mitigating evidence at sentencing. Specifically, appellant contends that counsel should have presented evidence

---

[1]With regard to the habitual-criminal sentencing possibilities, the plea agreement provided only that "the State may pursue a habitual criminal sentencing enhancement under NRS 207.010, however, the State will cap any recommendation at 10 to 25 under that enhancement."

concerning appellant's drug addiction and character. Appellant's claim is belied by the record, as counsel did present mitigating evidence about his drug addiction and character at sentencing. Appellant fails to identify any other specific evidence that counsel should have presented. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Thus, we conclude that the district court did not err in denying this claim.

Finally, appellant argues that the district court erred in summarily dismissing all of his claims from his proper person petition. Other than asserting that his petition contained numerous meritorious claims, appellant does not present any argument on appeal demonstrating that the district court erred in this regard. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) ("It is appellant's responsibility to present relevant authority and cogent argument."). Because appellant failed to demonstrate that he was entitled to relief, we conclude that the district court did not err in denying his claims without holding an evidentiary hearing. *See Hargrove*, 100 Nev. at 503, 686 P.2d at 225.

For the reasons stated above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Lidia Stiglich, District Judge
Edward T. Reed
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk