An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DARRION HEADD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64548

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

In his petition filed on April 12, 2013, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15501

regarding the decision to enter a guilty plea, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Appellant claimed that his trial counsel promised him that he would receive two concurrent terms of 12 to 48 months and that trial counsel should have objected when he received 2 consecutive terms of 19 to 48 months. Appellant failed to demonstrate that he was prejudiced. In exchange for his guilty plea to one count of carrying a concealed firearm and one count of possession of a stolen vehicle, the State retained the right to argue but agreed not to oppose concurrent time between the counts. The written guilty plea agreement informed appellant of the potential sentences and the fact that sentencing was strictly within the district court's discretion. Appellant was further personally canvassed about the potential sentences and the fact that sentencing was within the district court's discretion. In entering his plea, appellant acknowledged that he was not promised a particular sentence by anyone. Appellant's mere subjective belief regarding sentencing was insufficient to invalidate his decision to enter a guilty plea. *Rouse v. State*, 91 Nev. 677, 679, 541 P.2d

643, 644 (1975).  Therefore, we conclude that the district court did not err in denying this claim.[2]  Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Abbi Silver, District Judge
     Darrion Headd
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[2]To the extent that appellant claimed that the State breached the plea agreement, this claim fell outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea.  NRS 34.810(1)(a).